## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHREE KUBER, LLC,                      )
                                       )
                     Plaintiff,        )
                                       )
v.                                     )        Case No.: 23-4020-JWB-KGG
                                       )
STEADFAST INSURANCE                    )
COMPANY, *et al.*,                     )
                                       )
                     Defendants.       )
_____)

## SHOW CAUSE ORDER

Plaintiff filed the present action in the District Court of Shawnee County, Kansas, alleging the failure to pay an insurance claim.  (Doc. 1-1.)  Defendant Steadfast Insurance ("Defendant") subsequently removed the case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332.  (Doc. 1.)  The Court finds, however, that the Notice of Removal fails to allege facts sufficient to allow the Court to confirm whether diversity of citizenship exists.

To establish diversity jurisdiction, the organizational structure determines the citizenship of a business entity.  For instance, the citizenship of a corporation is both the state or foreign state of incorporation and the state or foreign state where its principal place of business is located.  28 U.S.C. § 1332(c)(1); ***Newsome v. Gallacher***, 722 F.3d 1257, 1267 (10th Cir. 2013).  Citizenship for unincorporated

associations (such as a limited liability company, general partnership, or limited partnership) is determined by the citizenship of each of its members. ***Siloam Springs Hotel, LLC v. Century Sur. Co.***, 781 F.3d 1233, 1234 (10th Cir. 2015).

It is the independent obligation of the court to determine that subject matter jurisdiction is proper and that the court "do[es] not exceed the scope of [its] jurisdiction … ." ***Henderson ex rel. Henderson v. Shinseki***, 562 U.S. 428, 434, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011).  As such, this Court "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Id.* (citation omitted).  If it becomes apparent that jurisdiction does not exist, the court, on its own, "must dismiss the cause at any stage of the proceedings … ." ***Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.***, 929 F.2d 1519, 1521 (10th Cir. 1991); Fed.R.Civ.P. 12(h)(3).

Pursuant to 28 U.S.C.A. §1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between:

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

> (3) citizens of different States and in which citizens or
> subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title,
> as plaintiff and citizens of a State or of different States.

"Diversity jurisdiction requires complete diversity – no plaintiff may be a citizen of the same state as any defendant." ***Grynberg v. Kinder Morgan Energy Partners, L.P.***, 805 F.3d 901, 905 (10th Cir. 2015).  Simply stated, diversity is absent when citizens of the same state are on both sides of the case.

The Notice of Removal adequately alleges Defendants are citizens of Illinois, Texas, New Hampshire, and Delaware.  (Doc. 1, at 3-4.)  As to Plaintiff, Defendant alleges that Shree Kuber, LLC "does business in Shawnee County, Kansas" with a primary place of business in Topeka, Kansas.  (*Id.*, at 3.)  The office of Plaintiff's registered agent is listed in Great Bend, Kansas.  (*Id.*)  As to the members of the LLC, Defendant indicates "**there are four members who own 5% of more of Shree Kuber, LLC**" and that those members are citizens of Kansas, Oklahoma, and Louisiana, respectively.  (*Id*. (emphasis added).)  This is insufficient.

As stated above, the citizenship of a limited liability company is determined by the citizenship of **each of its members**.  ***Siloam Springs Hotel, LLC***, 781 F.3d at 1234.  Citizenship is not determined as to only the citizenship of members who own 5% or more of the LLC.  Defendant has not indicated if the members

identified are all of the members of Plaintiff LLC or if there are also other members who own less than 5% of the LLC and the citizenship thereof.  Without this information, the Court is unable to determine the validity of the claimed diversity.

**IT IS THEREFORE ORDERED** that by April 24, 2023, Defendant shall file a status report, with affidavits attached, properly alleging and demonstrating the citizenship of Plaintiff LLC and showing cause why the undersigned Magistrate Judge should not recommend that the case be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 4th day of April, 2023, at Wichita, Kansas.

/s KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE