IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHREE KUBER, LLC,

        Plaintiff,

v.                                   Case No.  23-4020-JWB

STEADFAST INSURANCE COMPANY,
STARR SURPLUS LINES INSURANCE COMPANY,
ALLIED WORLD ASSURANCE COMPANY, AND
ATEGRITY SPECIALTY INSURANCE COMPANY,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on a motion to dismiss filed by various Defendants.  (Doc. 10.)   The motion has been fully briefed and is ripe for decision.  (Docs. 11, 18, 19.)  The motion is GRANTED for the reasons stated herein.

## I.    Facts

On or before April 1, 2020, Plaintiff Shree Kuber, LLC, entered into a contract for commercial property insurance (the "policy") with Defendants Steadfast Insurance Company ("Steadfast"), Starr Surplus Lines Insurance Company ("Starr"), Allied World Assurance Company ("Allied"), and Ategrity Specialty Insurance Company ("Ategrity").  (Doc. 1-1 at 1–2.)[1]

---

[1] Although Plaintiff's state court petition indicates that Plaintiff attached the "policy" to the petition as Exhibit 1, the policy was not attached. (Doc. 1-1.)  The state court petition referenced the policy numbers of the policies issued by all Defendants even though those policies were not attached. (Doc. 1-1 at 6.)  In their motion to dismiss, Defendants Starr, Allied, and Ategrity attached their individual policies which they stated were the relevant policies for the subject property and those policy numbers matched the policy numbers set forth in the petition. (Doc. 11.)  Defendants included declarations stating that the policies attached were the policies issued for the subject property.  In response, Plaintiff asserts that it had not seen the policies and included the declaration page from the Steadfast policy (but not the entire policy) and which Plaintiff contends is the applicable policy. (Doc. 18-3.)  Plaintiff argues that discovery is necessary to determine whether the policies attached to Defendant's initial brief are the policies at issue; however, Plaintiff fails to make a colorable challenge to the authenticity of the documents. (Doc. 18 at 7.)  In their reply, Defendants have attached the Steadfast policy. (Doc. 19-5.)  The declaration page included in that policy is identical

This policy covered certain real property including the Baymont Hotel located in Topeka, Kansas. According to the policy, liability is to be apportioned as follows: Steadfast 40%; Starr 20%; Allied World 15%; and Ategrity 25%. (*Id.* at 3.) On April 11, 2020, the Baymont suffered damages after a hail storm.

Plaintiff gave Defendants notice of its loss in accordance with the policy. Defendants have failed to pay for the covered loss. On March 1, 2023, Plaintiff filed suit against Defendants in state court seeking damages for breach of contract and attorney's fees in accordance with K.S.A. 40-256. (Doc. 1-1.)

Defendant Steadfast timely removed the action to this court alleging that this court has jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1.) On April 4, Magistrate Judge Gale issued an order to show cause regarding diversity jurisdiction because Steadfast failed to sufficiently allege the membership of Plaintiff's LLC. (Doc. 8.) On April 21, Steadfast filed a response to the show cause order. (Doc. 16.) Upon review, Magistrate Judge Gale determined that Steadfast has sufficiently established diversity jurisdiction. (Doc. 17.)

Defendants Starr, Allied, and Ategrity now move for dismissal on the basis that this action is barred by the terms of the policy. In response, Plaintiff argues that the limitations period in the policy was tolled by the Kansas Supreme Court's administrative orders.

## II.     Standard

---

to the exhibit Plaintiff attached to its reply. The Steadfast policy also includes the policy numbers for the policies issued by the remaining Defendants. (Doc. 19-5 at 5.) Moreover, the Steadfast policy includes the same language regarding the time for bringing a claim that is contained in the other three policies and that is at issue on the motion to dismiss. The court finds that Defendants have established that these policies are applicable for the property. Plaintiff's assertion that discovery is necessary is not persuasive as Plaintiff has failed to introduce any evidence to contradict Defendants' submissions. Because all of the policies contain the same language regarding the time period for which to bring a claim, the court will continue to refer to the policy as a singular term and use the language taken from the Steadfast policy.

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla*., 510 F.3d 1196, 1200 (10th Cir. 2007).

"[A] federal court sitting in diversity must apply the choice of law provisions of the forum state in which it is sitting." *Ace Prop. & Cas. Ins. Co. v. Superior Boiler Works, Inc*., 504 F. Supp. 2d 1154, 1158 (D. Kan. 2007).  Because this court is in Kansas, it applies Kansas choice of law provisions.  With respect to contractual disputes, Kansas courts apply the choice of law rule known as lex loci contractus, or "the law of the state where the contract is made." *Moses v. Halstead*, 581 F.3d 1248, 1252 (10th Cir. 2009) (applying Kansas law).  Here, Defendants represent that the contract was delivered to Plaintiff in Kansas and the parties agree that Kansas law applies to this action.  (Docs. 11 at 6; 18 at 2.)  Therefore, the court will apply Kansas law.

## III.    Analysis

Defendants argue that this action is barred by the limitation period in the policy because Plaintiff brought suit more than two years after the date of the loss.  The policy contains the following provision:

> SUIT AGAINST UNDERWRITERS: No suit, action or proceeding for the recovery of any claim under this Policy shall be sustainable in any court of law or equity unless the Insured shall have fully complied with all the requirements of this Policy, nor unless the same be commenced within twenty four (24) months next after the date of the loss, provided however, that if under the laws of the jurisdiction in which the property is located such time limitation is invalid, then any such claims shall be void unless such action, suit or proceedings is commenced within the shortest limit of time permitted by the laws of such jurisdiction.

(Doc. 19-5 at 31.)[2]

Under Kansas law, parties to a contract can agree to a specified time to bring an action, regardless of the statute of limitations under Kansas law. *Ernst v. Nationwide Mut. Ins. Co.*, No. 20-CV-2340-TC-TJJ, 2022 WL 1193886, at *3 (D. Kan. Apr. 21, 2022) (citing *Pfeifer v. Fed. Express Corp.*, 304 P.3d 1226, 1230 (Kan. 2013)). Therefore, this is a valid provision in the policy and Plaintiff does not challenge its enforceability. Essentially, Plaintiff concedes that its claim is untimely under the policy because this action was filed more than twenty-four months after the date of the loss. Plaintiff argues that the Kansas Supreme Court's Administrative Orders tolled the limitation period in the policy. It is undisputed that if the suspension of deadlines contained in the Administrative Orders applied to private contracts then Plaintiff's suit is timely.

On March 18, 2020, the Kansas Supreme Court issued Administrative Order 2020-PR-16 due to the outbreak of COVID-19. (Doc. 18-1.) In that order, Chief Justice Marla Luckert included the following provision: "Effective upon publication of 2020 House Substitute for Senate Bill No. 102, all statutes of limitation and statutory time standards or deadlines applying to the conduct or processing of judicial proceedings is suspended until further order." (*Id.*) Subsequent orders were entered. As referenced in the administrative order, the Kansas legislature amended K.S.A. 20-172, which sets forth the conditions in which the Kansas Supreme Court has authority to suspend statutes of limitation. That statute states as follows:

> (a) Notwithstanding any other provisions of law, during any state of disaster emergency pursuant to K.S.A. 48-924, and amendments thereto, or any state of local disaster emergency established by K.S.A. 48-932, and amendments thereto, the chief justice of the Kansas supreme court may issue an order to extend or suspend any deadlines or time limitations *established by statute* or suspend the verification required pursuant to K.S.A. 38-2273, and amendments thereto, when

---

[2] The other three policies issued by Defendants contain a nearly identical provision. (*See* Doc. 11 at 3, n.7) (citing to the policies.)

> the chief justice determines such action is necessary to secure the health and safety
> of court users, staff and judicial officers.

K.S.A. 20-172(a) (emphasis supplied).  On April 15, 2021, the Kansas Supreme Court entered Administrative Order 2021-PR-020 in which the suspension of most statutory deadlines and time limitations was lifted.  (Doc. 18-2.)

Although the statute explicitly grants the Kansas Supreme Court authority to suspend limitations periods "established by statute," Plaintiff argues that the administrative order went farther and extended limitations periods contained in private contracts.  In support of its argument, Plaintiff cites to language in the administrative orders that refer to the orders as suspending "statutes of limitation, statutory time standards, deadlines, and time limitations."  (Doc. 18 at 3; 18-2 at 2.)  Plaintiff contends that the reference to "deadlines" and "time limitations" include a deadline to bring suit contained in a private contract and not a statutory deadline.  Plaintiff does not cite any authority in support of its position.  Rather, the authorities cited by Plaintiff discuss the suspension of the time periods to bring suit under Kansas statutes.  *See, e.g., Ortiz v. QuikTrip Corp.*, No. 21-2582-JAR-ADM, 2022 WL 1078437, at *6 (D. Kan. Apr. 11, 2022).

Reviewing the administrative orders, the language quoted by Plaintiff appears in Administrative Order 2021-PR-020.  (Doc. 18-2 at 2.)  It is contained in a section discussing the prior administrative orders and states as follows: "The suspensions of statutes of limitation, statutory time standards, deadlines, and time limitations—including those suspending the time to bring a defendant to trial established by K.S.A. 2020 Supp. 22-3402, and amendments thereto, and K.S.A. 12-4501—in each Administrative Order listed in the bulleted list in numbered paragraph 1 of Administrative Order 2020-PR-101 are continued through April 14, 2021."  *Id.*  Besides pointing to the terms "deadlines" and "time limitations" in the order, Plaintiff fails to explain how these terms could be interpreted to include deadlines and time limitations in private contracts.

Rather, reading the context of the order and the related statute, it is clear that the terms are modified by the word "statutory" and are to be interpreted as statutory deadlines and statutory time limitations.  Notably, Administrative Order 2021-PR-020 begins by identifying the statutory authority for the order and states that the legislation allows the Chief Justice "to issue an order to extend or suspend any deadlines or time limitations *established by statute* during any state of disaster emergency pursuant to K.S.A. 48-924."  *E.g.*, Administrative Order 2021-PR-020, at Doc. 18-2 (emphasis supplied).  The order then repeatedly refers to that authority and references *statutory* deadlines.  Looking back at prior orders, Administrative Order 2020-PR-016 states that it is effective upon House Substitute for Senate Bill No. 102 and suspends "all statutes of limitations and statutory time standards or deadlines applying to the conduct or processing of judicial proceedings." (Doc. 18-1 at 5.)  The legislation referenced is identical to the language in K.S.A. 20-172(a) which clearly states that the Court may suspend time deadlines "established by statute."  Therefore, construing the language in 2020-PR-016 with the legislation, it is clear that the term "deadlines" is modified by the term "statutory."

Plaintiff's argument that this court construe the terms "deadlines" or "time limitations" broadly to include time deadlines in private contracts is not supported by the text of the Administrative Orders and the statute.  *See Pham v. Westfield Ins. Co.*, No. 1:21-CV-255-TWT, 2021 WL 3398151, at *2 (N.D. Ga. May 19, 2021).  Plaintiff offers no authority for the position that the Kansas Supreme Court may categorically alter terms contained in private contracts, an act that, if constitutionally permissible, would almost certainly require the exercise of legislative power, not judicial power.  Clearly, the "Kansas Supreme Court's administrative order did not alter the terms of private contracts..." *Phil. Indem. Ins. Co. v. Great Plains Ann. Conf. of the United Methodist Church*, No. 6:21-CV-01197-HLT-KGG, 2022 WL 522962, at *6–7 (D. Kan. Feb. 22,

2022).  Further, Plaintiff does not argue that the provision in the policy is tolled under traditional tolling principles.  Therefore, by the plain language of the policy's limitation provision, Plaintiff's claims are barred.

Alternatively, Plaintiff requests that the court certify the question of whether time deadlines in private contracts were tolled by the Administrative Orders to the Kansas Supreme Court because it involves an important state law issue.  (Doc. 18 at 6.)  The court declines to do so.  The court has discretion as to whether it certifies a question of state law to the Kansas Supreme Court.  *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007).  If the court sees a "reasonably clear and principled course,"  it will  follow it.  *Id.*  Based on the discussion herein, the court finds that it need not certify the question to resolve this matter.  Plaintiff also asks the court to abstain from ruling on this issue and remanding the case to state court.  (Doc. 18 at 6.)  The court declines to remand this action.

## IV.  Conclusion

Defendants' motion to dismiss (Doc. 10) is GRANTED.  Defendants Starr, Allied, and Ategrity are dismissed from this action.

IT IS SO ORDERED.  Dated this 14th day of  June  2023.

    s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE